[NOT FOR PUBLICATION] 

 United States Court of Appeals
 For the First Circuit
 

No. 96-1899

 ISABELO VALLEJO-SERRANO,

 Plaintiff, Appellant,

 v.

 CIGNA INSURANCE CO., ET AL.,

 Defendants, Appellees.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge] 
 

 Before

 Torruella, Chief Judge, 
 Coffin, Senior Circuit Judge, 
 and Selya, Circuit Judge. 

 

 Zuleika Llovet-Zurinaga for appellant. 
 Pedro J. Manzano-Yates with whom Jose A. Silva-Cofresi was 
on brief for appellees.

 

 May 23, 1997
 

 Per Curiam. Appellant Vallejo-Serrano filed this employment 

discrimination lawsuit against Cigna Insurance Co. and several

supervisors claiming that he was transferred to an undesirable

position, and later refused reinstatement after a medical leave,

because of his age and disability. The district court granted

summary judgment for defendants. It concluded that Vallejo had

failed to establish a prima facie case of either age or

disability discrimination, and that he had failed to show that

the company's proffered reasons for its actions were pretextual.

We conclude that appellant failed to establish a prima facie case

on the disability claim, and that the evidence is wholly

inadequate to support an age discrimination claim. We therefore

affirm. 

 The parties both maintain that the appropriateness of

summary judgment turns on whether Vallejo made an adequate

showing under the fourth prong of the McDonnell Douglas burden- 

shifting paradigm, the first three prongs concededly having been

satisfied. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 

802-05 (1973). They further agree that, for the disability

discrimination claim, this model required appellant to

demonstrate that he was replaced by a non-disabled person.

Although appellant asserts that there is at least a factual

dispute concerning whether he was "replaced" by Felix Vazquez,1

  

 1 Although Vallejo's complaint also asserts that he was
replaced by Josefina Bermudez and her temporary assistant, he
does not press this position on appeal, apparently because their
duties were quite distinct.

 -2-

the evidence does not support his contention. It is undisputed

that Vazquez already held a position equivalent to appellant's in

the Accounting Department, and that appellant was the accounting

clerk with the least seniority. The fact that Vazquez assumed

most of appellant's tasks, along with his own diminished

workload, is insufficient to establish that appellant was

"replaced." See LeBlanc v. Great American Ins. Co., 6 F.3d 836, 

846 (1st Cir. 1993) ("A discharged employee `is not replaced when

another employee is assigned to perform the plaintiff's duties in

addition to other duties, or when the work is redistributed among

other existing employees already performing related

work.'"(citation omitted)).

 As for the age discrimination claim, which involves an

alleged reduction in force, the burden-shifting framework

required appellant to show either that Cigna did not treat age

neutrally or that it retained younger persons in the same

position. Arguably, Vallejo's evidence satisfied the fourth

prong because it showed that the others retained in the

accounting clerk positions were younger than him. The company's

rationale, however, was that he was the least senior person in

that position -- a fact he does not dispute. Under the McDonnell 

Douglas framework, Vallejo needs to respond to that explanation 

by demonstrating that it is a pretext for age discrimination.

The record, however, makes reference to only a single remark

concerning age allegedly made by appellant's supervisor more than

a year before his transfer from the Accounting Department. This

 -3-

is insufficient to go to the jury.2 See LeBlanc, 6 F.3d at 843 

("[T]he plaintiff cannot avert summary judgment if the record is

devoid of adequate direct or circumstantial evidence of

discriminatory animus on the part of the employer.").3

 The judgment of the district court is therefore affirmed.4

  

 2 Indeed, plaintiff did not make reference to this remark in
his memorandum in support of his opposition to the summary
judgment motion.

 3 Although the district court's opinion in certain instances
uses language that suggests factfinding, see, e.g., Opinion at 13 
("We believe that plaintiff's age or disability was not a factor
when Cigna decided to eliminate Mr. Vallejo's position, and later
deny him reinstatement"; "Cigna eliminated Mr. Vallejo's position
because the Accounting Department could operate efficiently
without the extra accounting clerk position."); id. at 15 
("Cigna's refusal to reinstate plaintiff after his release from
the SIF was not of a discriminatory animus."), it is clear from
the opinion as a whole that the court found as a matter of law 
that Vallejo had failed to adduce sufficient evidence to send the
case to a factfinder. We note that the court's task was made
more difficult by the plaintiff's failure to file the required
separate statement of contested facts.

 4 Vallejo also alleged a retaliation claim based on his
having filed a complaint with the Anti-Discrimination Unit of the
Labor Department following his transfer in September 1993, and
the company's subsequent refusal to reinstate him in September
1994. The decision not to reinstate him was consistent with
Commonwealth law, however, and there is no support in the record
for a finding that it was motivated by retaliatory animus.

 -4-